UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NOLBED Y. PENA-MORENO,

        Defendant.
_____/

Case No. 23-20202

HON. DENISE PAGE HOOD

## ORDER DENYING MOTION TO DISMISS THE INDICTMENT UNDER THE SECOND AMENDMENT (ECF No. 27)

**I.  BACKGROUND**

The April 4, 2023 Indictment charges Pena-Moreno with one count of Alien in Possession of Firearm in Violation of 18 U.S.C. § 922(g)(5)(a), along with a forfeiture allegation under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461. (ECF No. 14) Count One carries a term of imprisonment of up to 15 years. (ECF No. 18) This matter is before the Court on Defendant Nolbed Pena-Moreno's Motion to Dismiss the Indictment under the Second Amendment (ECF No. 27). Responses and replies have been filed. A hearing was held on the matter.

**II.  ANALYSIS**

Pena-Moreno seeks dismissal of the Indictment arguing that based on the Supreme Court decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*,

142 S. Ct. 2111 (2022), the Government cannot show that there is a historical tradition in denying noncitizens the right to bear arms. He claims that Section 922(g)(5)(A) is unconstitutional both on its face and as applied to Pena-Moreno. In a supplemental brief recently filed on December 17, 2023, Pena-Moreno submitted a case from the Western District of Texas that held that Section 922(g)(5)(A) is unconstitutional. *See United States v. Sing-Ledezma*, No. 23-cr-823, __ F.Supp.3d __, 2023 WL 8587869 (W.D. Tex. Dec. 11, 2023).

The Government argues that since *Bruen*, the only court of appeals addressing this issue found that it does not violate the Second Amendment. *See United States v. Sitladeen*, 64 F.4th 978 (8th Cir. 2023). At least nine district courts have held the statute constitutional. (ECF No. 31, PageID.133) Because there is no binding authority addressing this issue, the Government asserts that the statute is constitutional.

The Government also argues that the phrase "right of the people" as cited in *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008), is meant for "law abiding citizens," not those with no status in this country. The rest of the *Heller* opinion reflects the Supreme Court's understanding that the right to keep and bear arms does not belong to noncitizens. *Id*. at 626. In addition, the Government argues that Congress has the authority to disarm aliens illegally in the United States and that this

2

is consistent with the tradition of firearms regulation in this country. Based on the historical context, the Government asserts that the right to bear arms was understood to be limited to those with in political community–that at that time, laws barring Native Americans, Catholics and Loyalists from bearing arms demonstrate that the right to bear arms were limited. The Government further argues that history shows that legislatures may disarm persons who pose a real danger of public injury. Courts have held that noncitizens without lawful status have an interest in eluding law enforcement and are harder to trace because they are more likely to assume a false identity. *See*, *United States v. Huitron-Guizar*, 678 F.3d 1164, 1170 (10th Cir. 2012); *United States v. Meza-Rodriguez*, 798 F.3d 664, 673 (7th Cir. 2015). The Government finally argues that courts traditionally afford Congress significant deference in matters relating to citizenship and immigration. *See Matthews v. Diaz*, 426 U.S. 67, 81 (1976).

A defendant may challenge a defect in an indictment, including its constitutionality, via a pretrial motion to dismiss, provided "the basis of the motion is then reasonably available, and the motion can be determined without a trial on the merits[.]" Fed. R. Crim. P. 12(b)(3)(B). A defendant may challenge the constitutionality of a statute facially or as applied. A statute is facially unconstitutional if it is "unconstitutional in all of its applications." *Washington State*

3

*Grange v. Washington State Republican Party*, 552 U.S. 442, 449 (2008). In contrast, in a challenge of a statute *as applied*, it is only unconstitutional to that defendant's alleged conduct. *Carroll v. City of Cleveland*, 522 F. App'x 299, 306 (6th Cir. 2013). When ruling on a motion to dismiss an indictment, the court accepts the factual allegations therein as true, and determines only whether the indictment is valid on its face. *See United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007).

The Second Amendment provides, "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.  In the *Bruen* opinion, the majority makes clear that the issue before the court was the right of "law-abiding citizens" to carry handguns for self-defense.  The opinion begins:

> In *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), and *McDonald v. Chicago*, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), we recognized that the Second and Fourteenth Amendments protect the right of an **ordinary, law-abiding citizen** to possess a handgun in the home for self-defense. In this case, petitioners and respondents agree that **ordinary, law-abiding citizens** have a similar right to carry handguns publicly for their self-defense. We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home.

*Bruen*, 142 S. Ct. at 2122 (emphasis added).  The majority subsequently stated that the Second Amendment focuses on the rights of "law-abiding" citizens:

4

> The Second Amendment "is the very *product* of an interest balancing by the people" and it "surely elevates above all other interests **the right of law-abiding, responsible citizens to use arms**" for self-defense. *Heller*, 554 U.S. at 635, 128 S.Ct. 2783.

*Bruen*, 142 S. Ct. at 2131 (emphasis added). Specifically noting the plaintiffs before the court, the majority found that the Second Amendment protects "law-abiding" citizens.

> It is undisputed that petitioners Koch and Nash—**two ordinary, law-abiding, adult citizens**—are part of "the people" whom the Second Amendment protects. *See Heller*, 554 U.S. at 580, 128 S.Ct. 2783.

*Bruen*, 142 S. Ct. at 2134 (emphasis added). The Supreme Court's holding likewise specifies that the case centers on law-abiding citizens:

> New York's proper-cause requirement violates the Fourteenth Amendment in that it prevents **law-abiding citizens** with ordinary self-defense needs from exercising their right to keep and bear arms. We therefore reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*Id.* at 2156 (emphasis added). The concurrences by Justice Alito and Justice Kavanaugh further clarify that *Bruen*: (1) is limited to "law-abiding citizens;" (2) does not impact the holdings in *Heller* or *McDonald*; and (3) does not prohibit governmental regulation of possession of firearms by felons nor extend the rights of felons to possess firearms.

The only appellate court that has specifically addressed Section 922(g)(5), in *Sitladeen*, 64 F.4th 978, a Canadian citizen brought a Second Amendment challenge to 18 U.S.C. § 922(g)(5)'s ban on the possession of guns by unlawful immigrants. *Id*. at 982. The court found 922(g)(5) was constitutional because it was bound by its pre-*Bruen* precedent. *Id.* at 987. Prior to *Bruen*, the Eighth Circuit decided a case wherein it held "the protections of the Second Amendment do not extend to aliens illegally present in this country." *Id*. at 983. Then, in *Sitladeen*, the Eighth Circuit denied the Canadian citizen's Second Amendment challenge by relying on precedence. Prior to *Bruen*, several courts of appeals have upheld § 922(g)(5)(A), forbidding possession of firearms by illegal aliens. In light of *Heller's* characterization of the right at issue as one of "law-abiding, responsible citizens" and case law permitting Congress to distinguish among citizens, aliens, and illegal aliens, these holdings are not difficult. *See United States v. Huitron–Guizar*, 678 F.3d 1164 (10th Cir. 2012); *United States v. Flores*, 663 F.3d 1022 (8th Cir. 2011); *United States v. Portillo–Munoz*, 643 F.3d 437 (5th Cir. 2011). In *Sitladeen*, the court explained, "[W]e did not reach our conclusion that § 922(g)(5)(A) is constitutional by engaging in means-end scrutiny or some other interest-balancing exercise. Rather ... we reached our conclusion by considering—consistent with what *Bruen* now requires—whether the conduct regulated by § 922(g)(5)(A) was protected by the plain text of the Second

6

Amendment." Id. at 985-87 (internal citations omitted). The Eighth Circuit found that in *Flores* which held an illegal immigrant's right to possess a gun fell outside the plain text and history of the Second Amendment. So, even under *Bruen*, regulation of that activity is valid.

The statute, which this Court finds as constitutional, as applied to Pena-Moreno, is still relevant because his status in the United States is that he is not a citizen and is illegally in the United States. Congress has the authority to limit who is able to possess firearms and currently prohibits an "alien" who "is illegally or unlawfully in the United States." 18 U.S.C. § 922(g)(5)(A). Based on the above, Pena-Moreno's Motion to Dismiss based on the Second Amendment is denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Nolbed Y. Pena-Moreno's Motion to Dismiss based on the Second Amendment **(ECF No. 27)** is DENIED.

S/DENISE PAGE HOOD
DENISE PAGE HOOD

DATED: March 31, 2024